IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORMAN AGUILAR,

        Petitioner,        Civil No. 06-1377-TC

        v.                    FINDINGS AND
                              RECOMMENDATION
CHARLES DANIELS,             AND ORDER

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner's Application to Proceed In Forma Pauperis (#1) is allowed. Petitioner's request for appointment of counsel, contained in petitioner's attachment at p. (4), is denied.

    Petitioner, a federal inmate currently housed at FCI Sheridan, filed a petition under 28 U.S.C. § 2241 alleging that respondent has denied his request for funds under 18 U.S.C. § 3624(d)(2). Petitioner contends that "18 U.S.C. §

1 - FINDINGS AND RECOMMENDATION AND ORDER

3624(d)(2) provides that '[t]he Bureau of Prisons **shall** provide an inmate ... with up to five hundred dollars ($500)' in release funds at the conclusion of his term of imprisonment."[1]  Petitioner argues that he is "broke" and "desperately needs these funds to purchase food and to obtain shelter immediately after his release from confinement. [Emphasis added]"[2]

Exhaustion of Administrative Remedies:

Federal prisoners are required to exhaust all available administrative remedies prior to bringing a petition for writ of habeas corpus.  Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1991); Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1986).

Petitioner argues that exhaustion of remedies in this case is futile because "respondent has adopted the position that the petitioner is not entitled to any money authorized to him by Congress."

Although, in the past courts allowed actions to proceed

---

[1] 36 U.S.C. § 3624(d) provides: Allotment of clothing, funds, and transportation:  Upon the release of a prisoner on the expiration of the prisoner's term of imprisonment, the Bureau of Prisons shall furnish the prisoner with:  (2) an amount of money, not more than $500, **determined by the Director** to be consistent with the needs of the offender and the public interest, **unless** the Director determines that the financial position of the offender is such that no sum should be furnished.  [emphasis added]

[2] Petitioner further argues: "Without these funds AGULIAR may be forced by respondent to return to a life of crime to secure food, clothing and shelter." Id.

2 - FINDINGS AND RECOMMENDATION AND ORDER

despite a litigant's failure to exhaust administrative remedies, the futility exception was superceded by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which unequivocally mandates exhaustion of administrative remedies. Porter v. Nussle, 532 U.S. 731 (2001); Booth v. Churner, 532 U.S. 731 (2001); Nyhuis v. Reno, 204 F.3d 65 (3rd Cir. 2000).

The Bureau of Prisons has established an administrative remedy procedure which through an inmate may seek formal review of any complaint regarding any aspect of his imprisonment. See, 28 C.F.R. § 542 et seq. In order to exhaust appeals under the procedure, an inmate must assert his claim first to the Warden of the institution where he is confined; he may appeal an adverse decision to the Regional Director and Central Office of the Federal Bureau of Prisons. See, 28 C.F.R. § 542 et seq. No administrative appeal is considered to have been exhausted until a decision is reached on the merits by the Bureau of Prisons' Central Office.

In this case, petitioner infers that he requested funds from respondent and that his request was denied. Petitioner acknowledges that he has not appealed the "adverse decision" to the Regional Director and Central office of the Federal Bureau of Prisons as provided in the grievance procedure.

Petitioner's Petition (#2) should be denied on the ground that petitioner's brief indicates he has not exhausted

3 - FINDINGS AND RECOMMENDATION AND ORDER

available administrative remedies.  This proceeding should be dismissed without prejudice.

DATED this 17 day of October, 2006

_____
Thomas M. Coffin
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION AND ORDER